UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHANBIN LIN,<br><br>    Petitioner,<br><br>v.<br><br>KRISTI L. NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; DAVID WESLING, Acting Boston Field Office Director, U.S. Immigration and Customs Enforcement; JOSEPH D. MCDONALD, Sheriff of Plymouth County, Massachusetts; and ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility,<br><br>    Respondents. | Civil Action No. 1:26-cv-10830-IT |

MEMORANDUM & ORDER

February 23, 2026

TALWANI, D.J.

    Petitioner Shanbin Lin "was recently detained by U.S. Immigration and Customs Enforcement ('ICE')" and is presently held at the Plymouth County Correctional Facility in Plymouth, Massachusetts. Pet. ¶¶ 1, 8 [Doc. No. 1]. On February 2, 2026, an immigration judge, "in reliance on" Matter of Yajure Hurtado, 29 I&N Dec. 216 (B.I.A. 2025), found that Petitioner was an "applicant for admission" and therefore subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). Pet. ¶¶ 3–4 [Doc. No. 1].

    On February 13, 2026, Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1], in which he seeks, inter alia, immediate release from custody or, in the alternative, "an appropriate bond hearing . . . comporting with due process and statute." Id. at ECF 8. As grounds therefor, Petitioner asserts that (1) in failing to provide him with a bond hearing,

Respondents have violated Petitioner's procedural and substantive due process rights under the Fifth Amendment to the U.S. Constitution; and (2) Petitioner is subject to detention under 8 U.S.C. § 1226(a), rather than under 8 U.S.C. § 1225, and is therefore entitled to a bond hearing at which an immigration judge must determine whether he poses a danger to the community or presents a flight risk. See id. ¶¶ 23–34.

In their abbreviated Response [Doc. No. 7], Respondents "submit that the legal issues present in this Petitioner are similar to those recently addressed by this Court in Doe v. Moniz[, 800 F. Supp. 3d 203 (D. Mass. 2025)]." Id. at 1. Respondents therefore acknowledge that "[s]hould the Court follow its reasoning in Doe, it would reach the same result here." Id.[1]

Where the court finds the reasoning in Doe remains correct, and where nothing in the record before the court indicates that Petitioner is detained under 8 U.S.C. § 1225, the Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED as follows: No later than February 27, 2026, Petitioner must be provided a bond hearing pursuant to 8 U.S.C. § 1226(a), or if the immigration judge again declines to conduct a bond hearing based on Matter of Yajure Hurtado, 29 I&N Dec. 216 (B.I.A. 2025), Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226(a) shall set forth the reasons for the continued detention.

Respondents shall submit a status report on this matter no later than March 3, 2026.

IT IS SO ORDERED.

---

[1] Petitioner acknowledges that he "has a pending charge for Receiving Stolen property, for which he has been released on personal recognizance and which has not resulted in a conviction." Pet. ¶ 20 [Doc. No. 1]. Where Respondents make no mention of this pending charge in their abbreviated Response [Doc. No. 7] and have not claimed that the charge is the basis for Petitioner's detention, the court considers any argument that Petitioner's detention is mandatory under 8 U.S.C. § 1226(c) waived.

3

February 23, 2026                                              /s/ Indira Talwani
                                                                                                    United States District Judge